UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TERESO ZEPEDA DUARTE,

    Plaintiff,

vs.

STATE OF WASHINGTON, et al.,

    Defendants.

NO. CV-09-0205-JLQ

**ORDER**

## I.   Introduction

Plaintiff is a pro se state prisoner who initially filed this civil rights action in Thurston County Superior Court on September 5, 2008 (Cause No. 08-2-02039-5). Plaintiff's Complaint seeks three remedies: 1) declaratory judgment that the Defendants unlawfully discriminated against him on the basis of national origin in the context of placement, telephone use, educational and work opportunities at Airway Heights Correctional Center (AHCC); 2) injunctive relief to prevent such discrimination in the future; and 3) damages for the violations of his civil rights. He bases his claims upon the failure to allow him international phone calls, to consider his request for international transfer, denying him opportunities for work/education because of an immigration hold, and denying him orthopedic shoes. Plaintiff names as Defendants the State of Washington, the state Department of Corrections, AHCC, DOC Secretary Eldon Vail and Deputy Secretary Ruben Cedeño (who apparently has since retired), and the Superintendent of AHCC, Maggie Miller-Stout.

Defendants entered a Notice of Appearance in the state court action on September 24, 2008, without waiving objection as to sufficiency of service of process. Plaintiff proceeded to file motions for class certification and appointment of counsel, which were opposed. Defendants noted in their response they had not been served, that they were not waiving objections to the sufficiency of service, and that they were filing the response under duress.

ORDER - 1

Ct. Rec. 2 at 53. Plaintiff's appeal of the state court's order was denied and finally decided in May 2009. In June 2009, Plaintiff apparently effectuated service of the Summons and Complaint. On July 8, 2009, Defendants filed a Notice of Removal to this court.

**II.   Removal**

The procedure for invoking the removal jurisdiction of the federal courts is governed by 28 U.S.C. §§ 1441 to 1452. The general rule is found in § 1441(a), which provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place *where such action is pending*.

28 U.S.C. § 1441(a) (emphasis added).

Here, the Defendants did not remove the case to the "district and division embracing the place where such action is pending." Thurston County is in the Western District of Washington, not the Eastern District. Accordingly, Defendant's removal was not in compliance with the geographic requirement of 28 U.S.C. § 1441(a).

The Ninth Circuit has yet to consider the exact issue of whether failure to comply with the venue provision of 28 U.S.C. 1441(a) is a procedural or a jurisdictional defect. The Eleventh Circuit, however, has. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir.1997). According to that opinion, "[t]he Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional." *Id*. (citation omitted). Moreover, "[a]s with other procedural defects, parties can waive venue requirements." *Id.* The opinion thus held that "failure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case." *Id*. at 1394. This court finds the reasoning of *Peterson* persuasive.

Though the court believes it appropriate to inform the Defendants of their removal error, the court finds the defect in removal is of no consequence. Venue in this district is proper. Plaintiff is housed in this district and was housed at AHCC when the alleged infringements occurred. He sues an AHCC employee. Accordingly, the court will not *sua*

*sponte* transfer the case to the Western District.

Further, the court finds the removal of Plaintiff's Complaint to federal court is timely. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446. The Notice of Removal was filed July 8, 2009. Plaintiff's Summons and Complaint were served upon Defendants on June 23, 2009. Ct. Rec. 1. The United States Supreme Court has held, "[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Murphy Bros. v. Michetti Pipe Stringing*, Inc., 526 U.S. 344, 354, 119 S. Ct. 1322 (1999). Thus, this court has original jurisdiction over Plaintiff's claims and removal is proper.

**III. Pending Motions**

**A. Motion for Appointment of Counsel**

On July 21, 2009, Plaintiff filed a Motion for Appointment of Counsel (Ct. Rec. 5). Plaintiff asserts he reads and writes English at a third grade level, he has no funds to hire counsel, and until now he has had the assistance of an "altruistic" inmate who "may not" be available to continue helping him. Ct. Rec. 6. He claims other prisoners demand sexual favors for payment for assistance with legal matters, therefore leaving him to ask these individuals for assistance would be "cruel and unusual punishment." *Id.*

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims

ORDER - 3

pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Although it is unfortunate that Plaintiff is not proficient in the English language, this barrier is present in many pro se prisoner actions, and Plaintiff is no different than those litigants. Moreover, the numerous pleadings and filings submitted in the past year (apparently assisted by a legally experienced inmate) have been well-written and coherent. Accordingly, at this time there is no suggestion in the record that Plaintiff is not competent to represent himself. Plaintiff's case is also not "exceptional." This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot find a way to adequately articulate his claims. *Id.*

For the foregoing reasons, plaintiff's motions for the appointment of counsel (Ct. Rec. 5) is **HEREBY DENIED**, without prejudice.

### B. Motion for Class Certification

Plaintiff moves the court to certify a class of all Washington prisoners who are citizens of foreign countries. Plaintiff's motion is denied due to plaintiff's failure to demonstrate that he is an adequate representative of the class. Fed.R.Civ.P. 23(a)(4); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (generally, pro se litigants are prohibited from pursuing claims on behalf of others in a representative capacity); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")*; Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) ( pro se prisoner may not bring class action on behalf of fellow inmates).

Plaintiff's Motion for Class Certification (Ct. Rec. 7) is **DENIED.**

### C. Motion to Amend Complaint

Plaintiff moves this court for leave to amend his complaint to remove the State of Washington from the Complaint. Defendants are unopposed. Plaintiff's Motion to Amend

**(Ct. Rec. 10)** is **GRANTED**. Plaintiff shall file his Amended Complaint no later than August 26, 2009. It shall be captioned FIRST AMENDED COMPLAINT. It shall not add additional plaintiffs or assert new claims.

Plaintiff is to follow the following instructions regarding service.

When Defendants removed this action from state court, they paid the filing fee. However, Plaintiff is advised that he should nevertheless file an application to proceed in forma pauperis. If Plaintiff opts to apply and is granted leave to proceed in forma pauperis, he will not be required to complete service of process of the Amended Complaint upon the Defendants himself. If Plaintiff demonstrates that he is entitled to in forma pauperis status, and the court determines upon screening that his amended complaint states colorable claims as to any Defendants, the court will direct the United States Marshal to serve process on Plaintiff's behalf. If Plaintiff opts not to proceed in forma pauperis, pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff will be required to complete service of process of the Amended Complaint upon the Defendants himself.

**IV.  Instructions to Pro Se Plaintiff**

In litigating this action, all parties, including those proceeding pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of Washington. **Failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or a court Order, including this Order, is grounds for appropriate sanctions, including dismissal of the action**. Fed. R. Civ. P. 41(b); LR 83.3(i)(3). A copy of the Local Rules will be provided to you.

This Order highlights specific matters and rules of which Plaintiff should take particular note:

1.  <u>The Court Acts Upon Motions, Not Letters</u>. The court can only address matters at issue in litigation which is pending before the court. The court can do this only through formal orders, ordinarily entered after hearing from both the plaintiff and the defendant. A document requesting a court order, must be styled as motion, not a letter. The motion must be served and filed with a memorandum of points and authorities. See Local Rule 7.1. In addition, a Notice of Hearing must accompany any motion. The court cannot offer you any

legal advice.

2. <u>The Court is Not a Repository for Evidence</u>. The court cannot serve as a repository for the parties' evidence (i.e., records, witness affidavits, etc.). Litigants may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). **Evidence improperly submitted to the court will either be returned or stricken**.

3. Documents intended to be filed with the court by pro se litigants must be either delivered or mailed to the Clerk of the Court, United States District Court, 920 W. Riverside, P.O. Box 1493, Spokane, Washington 99210. LR 3.1(b); Admin. Procedure III.B. **All documents mailed improperly to a Judge's chambers will be stricken.**

4. Each document submitted for filing must include the original signature of the filing litigant(s). Fed. R. Civ. P. 11(a). **All documents submitted without the required signature(s) will be stricken**.

5. A document requesting a court order must be styled as a motion, not a letter. Fed. R. Civ. P. 7. Documents submitted to the court may be either typewritten or handwritten, but must be legible, and writing shall be on one (1) side of the page <u>only</u>. LR 10.1(a)(2). All typed matter must be in 14-point font and double-paced. *Id*. Every document submitted to the court must include your name and address in the upper left-hand corner of the first page. LR 10.1(c). <u>All documents, including exhibits and attachments, must be sequentially paginated in their entirety, with the page number appearing at the bottom of each page</u>.

6. Since Defendants have appeared in this case, any document filed must include a certificate of service stating that a copy of the document was served on the opposing litigant. Fed. R. Civ. P. 5; LR 5.1(b). **A document submitted without the required proof of service will be stricken**. Where a litigant is represented by private or other government counsel, service on the litigant's attorney of record constitutes effective service.

7. All filings must bear the file number assigned to the action, followed by the initials of the District Judge to whom the case is assigned.

8. The Eastern District of Washington converted to an electronic filing, service, and storage system, effective October 4, 2004. Pro se litigants are exempt from the electronic

filing requirement and must submit all documents to the court in paper. LR 3.1(b). Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded. For this reason, pro se litigants are cautioned not to send original exhibits to the court. When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), the litigants shall retain their original exhibits and send photocopies to the court.

9. As an Answer has already been filed, the court will issue a separate order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. **No discovery may be conducted without court permission until the court issues the discovery order**. Discovery propounded on a litigant is self-executing, and must be served directly on the litigant from whom discovery is sought; litigants should not file copies of their discovery with the court. **Discovery documents inappropriately submitted to the court will be stricken**. Where the discovery response is unsatisfactory, the litigant seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37. A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the litigant not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(1). **A discovery motion that does not comply with all applicable rules will be stricken and may result in the imposition of sanctions**.

10. All deadlines will be strictly enforced. Motions for extension of time must state the reason the extension is needed and must be filed with the court **before** the deadline in question.

11. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his/her address. If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice. If mail directed to Plaintiff is returned by the U.S. Postal Service as undeliverable, the court will

ORDER - 7

not attempt to re-mail it.  **If the address is not updated within sixty (60) days of the mail being returned, the action will be dismissed for failure to prosecute**.

**V.    Conclusion**

Plaintiff's Motion for Appointment of Counsel (Ct. Rec. 5) is **DENIED**.  Plaintiff's Motion for Class Certification (Ct. Rec. 7) is **DENIED**.  Plaintiff's Motion to Amend (Ct. Rec. 9) is **GRANTED**.  Plaintiff shall <u>file</u> his First Amended Complaint on or before **August 26, 2009**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies of this Order, the Local Rules, and the application to proceed IFP to the Plaintiff.  A copy of the order shall also be provided to counsel for the Defendants.

Dated August 7, 2009.

                          s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8